JOURNAL ENTRY and OPINION
Appellant Albert Thrower appeals the Court of Common Pleas' dismissal of his complaint against appellees Philip Korey, George Emershaw, Paul Mancino, Stu Mandel, Nick Marino, Barbara Mushkat, and Debra Shifrin. Thrower assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED WHEN IT ORDERED DISMISSAL OF THE CASE, FOR FAILURE TO APPEAR AT THE CASE MANAGEMENT CONFERENCE, WHEN A NOTICE OF APPEAL HAD ALREADY BEEN FILED, APPEALING ORDERS NAMED, 10/26/00 DIVESTING THE TRIAL COURT OF JURISDICTION PER WELL ESTABLISHED LAW, PREJUDICING APPELLANT, SINCE A "JUDGMENT . . . BY A COURT LACKING JURISDICTION . . . IS VOID" "COURT LACKS JURISDICTION . . . `LACKS ALL JURISDICTION' TO ABJUDICATE [SIC] THAT PARTY'S RIGHTS, . . ."
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT MAKING SUFFICIENT "FINDINGS OF FACT AND CONCLUSIONS OF LAW" TO INVOKE ". . THE RUNNING OF THE TIME PERIOD FOR FILING AN APPEAL THEREFROM." R.C. 2953.21(G) VIOLATING DUE PROCESS RIGHTS OF APPELLANT OHIO CONSTITUTION ARTICLE I, SEC. 16, U.S. CONSTITUTION, 5TH AMENDMENT VIA THE 14TH AMENDMENT, U.S. CONSTITUTION.
 III. PER THE RECORD, APPELLANT APPEALED Td 20, "MOTION FOR DISCOVERY ORDER PER EV R. [SIC] 1004(3) FOR DEFTS TO PRODUCE WRITTEN CONTRACT IN POSSESSION OF OPPONENT . ." "10/16/00-MOOT", Td 23, 10-17-00 "MOTION FOR DISCOVERY IS MOOT . .", Td25, NOTICE OF APPEAL CA NO. 78769 OF SAME, IS A FINAL APPEALABLE ORDER DIVESTING TRIAL COURT OF JURISDICTION, PREJUDICING APPELLANT TRIAL COURT ERRED BY DISMISSING CASE WITHOUT ALLOWING "OPPORTUNITY FOR PRETRIAL DISCOVERY" OF CONTRACT.
 IV. TRIAL COURT COMMITTED REVERSIBLE ERROR, WHEN IT ENTERED JUDGMENT FOR APPELLEE EMERSHAW, MUSHKAT, Td 17, 15, DENIED Td 10, 12 "MOTION FOR DEFAULT JUDGMENT AGAINST DEFT . . MUSHKAT", "EMERSHAW", RESPECTIVELY, WHEN DEFENDANTS RESPONDED AFTER 28 DAYS APPELLANT WAS ENTITLED TO A HEARING ON "MOTION FOR DEFAULT", HEARD (PURSUANT TO CIV. R. 55(A))[SIC] BEFORE . . CAUSE MAY BE HEARD ON . . MERITS"
 V. PER THE RECORD THE APPELLANT IN HIS "MORE DEFINITE STATEMENT" COMPLAINT Td 6, STATED A CLAIM AS A MATTER OF LAW, SINCE "EVERYONE IS BOUND TO KNOW THE LAW", OHIO V. SWIFT CO., 270 F. 151 (1938), IN RE 6TH CIRCUIT DICISION [SIC] EX A, IN RE ALBERT D. THROWER, CASE #99-3776, 8-10-99, HELD ". . DESTROY ANY REFERENCE TO A PRIOR FEDERAL OFFENSE WHICH . . . WAS EXPUNGED UNDER THE TERMS OF 18 U.S.C. § 5021(B) (FEDERAL YOUTH CORRECTIONS ACT-FYCA) . . EFFECT . . . WOULD BE TO ELIMINATE (WEAPON UNDER DISABILITY, EX D: COUNT 9, INDICTMENT-APPELLANT IS ACTUALLY INNOCENT" — ILLEGAL DEGREE ENHANCING SPECIFICATIONS) . . OF THE CONVICTIONS FOR WHICH HE IS SERVING HIS SENTENCE . . . HE HAS A REMEDY AVAILABLE TO HIM UNDER 28 U.S.C. § 2254 . . . HE MUST APPLY TO THIS COURT FOR PERMISSION TO FILE A SUCCESSIVE SECTION 2254 ACTION. .", THAT WOULD VACATE APPELLANT'S "VOID . . MERE NULLITY" PLEA, SINCE APPELLANT DID NOT HAVE "REAL NOTICE OF THE NATURE OF THE CHARGE AGAINST HIM", AS GUARANTEED BY THE 14TH AMENDMENT, UNITED STATES CONSTITUTION.
 VI. PER THIS ACTION THE STATUTE OF LIMITATIONS IS 15 YEARS FOR BREACH OF WRITTEN CONTRACT, /OR THE STATUTE OF LIMITATIONS DID NOT BEGIN TO RUN UNTIL THE EX A, 8-10-99 FINDING OF "VOID", IN RE ALBERT D. THROWER, (APPELLANT) CASE NO. 99-3776, WITH THE ACTION SUB JUDICE BEING FILED WITHIN ONE YEAR, /OR THE APPELLEES' WAIVED SAME BY NOT PRESENTING SAME AS A DEFENSE /OR "SECTION 2305.04 RECOVERY OF REAL ESTATE "SINCE 2ND WRITTEN CONTRACT WAS IN RE REAL ESTATE/ALL APPELLEES.
 VII. THE TRIAL COURT ERRED WHEN IT DID NOT ORDER DEFENDANT MANDEL TO BE SERVED, WHEN APPELLANT WROTE TO THE CLERK REQUESTED THAT HE BE SERVED BY ORDINARY MAIL, RESULTING IN PREJUDICIAL ERROR, PREJUDICING APPELLANT /OR ORDER THAT HE WAS SERVED BY ACT OF HIS REFUSAL OF SUMMONS AND COMPLAINT /OR EXTEND TIME PERIOD FOR PERSONAL SERVICE PER CIV.R. 4.1(1), SINCE FILING OF NOTICE OF APPEAL DIVESTED TRIAL COURT OF JURISDICTION, GROUND ONE: REWRITTEN HEREIN.
Having reviewed the record and the pertinent law, we affirm the decisions of the trial court. The apposite facts follow.
At the outset, we note some confusion regarding the appellate briefs filed in this matter. Thrower filed with us multiple briefs date-stamped April 23, 2001, June 23, 2001, October 1, 2001, and November 19, 2001. Appellees responded to the April brief which we struck. Then, Thrower filed another brief in June to which Appellees chose not to respond. Despite Thrower's subsequent filing of two other appellate briefs, on November 21, 2001 we created a journal entry accepting Thrower's June briefs and striking all other appellate briefs from the record. We thus proceed with this appeal from the arguments Thrower raised in his June briefs.
This action stems from the 1989 Summit County convictions of Thrower and his brother on numerous drug-related offenses. In those criminal cases, Thrower was represented by appellee Emershaw, and Thrower's brother was represented by appellees Korey and Mandel. Thrower subsequently sued several parties who had various degrees of involvement in his and his brother's prosecution or defense.
Following a long string of litigation in various state and federal courts, on August 4, 2001 Thrower sued the appellees here based upon his perception of malpractice stemming from his 1989 conviction. The court gained service upon all defendants except Mandel who, the record reveals, refused service via certified mail, and was never served via any other means. All other defendants answered Thrower's complaint by filing motions to dismiss. On September 26, 2001, the trial court granted dismissal to Mancino, Emershaw, Mushkat, and Shifrin. Two days later the court granted dismissal to Marino; and then to Korey on October 17, 2001. At that point all named defendants except Mandel, who had not been served, were dismissed from the action. On October 26, 2000, Thrower filed a notice of appeal to this court even though the trial court had not fully adjudicated all claims as to all parties named in the trial court proceedings.
Sometime during September, before dismissals were granted, the trial court scheduled a case management conference for November 2, 2000. Neither Thrower nor his representative appeared at this conference. Consequently, the court scheduled a dismissal hearing for December 1, 2000. Again neither Thrower nor his representative appeared. On that date, the court journalized an entry dismissing Thrower's complaint against all defendants, including Mandel, for failure to prosecute. From that order, on December 22, 2000, Thrower filed another notice of appeal.
In his first assigned error, Thrower argues the trial court erred by dismissing his complaint after he filed his October 26, 2000 notice of appeal, which he insists divested the trial court of all jurisdiction in this matter. We disagree.
At the time Thrower filed his notice of appeal, the trial court had individually dismissed all defendants except Mandel against whom service was never obtained. Thrower's complaint against Mandel remained viable until September 4, 2001, the one-year anniversary of filing his complaint.[1] Thus a final appealable order did not exist on October 26, 2000, when Thrower filed his notice of appeal.[2] The trial court retained jurisdiction over the entire complaint, permitting it authority to dismiss Thrower's complaint for want of prosecution on December 1, 2000. We then gained jurisdiction in this matter upon Thrower's December 22, 2000 notice of appeal which stemmed from a final appealable order as to all parties and all issues before the trial court. Thrower's first assigned error is without merit.
In his second assigned error, Thrower argues the trial court erred by not making findings of fact and conclusions of law as he believes is required under R.C. 2953.21(G). We disagree.
R.C. 2953.21(G) states, "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law * * *." Although this language may seem to support Thrower's position, R.C. 2953.21 only applies to a "Petition for postconviction relief," and thus has no bearing on Thrower's complaint. Further, we find no basis upon which Thrower may reasonably assert the trial court erred by not making findings of fact and conclusions of law. Accordingly, Thrower's second assigned error is without merit.
In his third assigned error, Thrower argues the trial court erred by dismissing his complaint without having granted his motion for discovery. We disagree.
On October 3, 2000, Thrower filed a motion for discovery asking the trial court to order unspecified defendants to produce a copy of the attorney-client representation contract he signed during a previous litigation. On October 17, 2000, the trial court denied Thrower's motion as moot. By that date, the trial court had dismissed all properly served defendants. As no issue remained before the court, the trial court did not err in denying Thrower's motion for discovery. Accordingly, Thrower's third assigned error is without merit.
In his fourth assigned error, Thrower argues the trial court erred by denying his motion for default judgment against Emershaw and Mushkat. We disagree.
A motion for default judgment, which arises under Civ.R. 55(A), applies "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * *."[3] Thrower filed his motion for default judgment against Emershaw and Mushkat several days after Emershaw and Mushkat appeared before the court by filing their respective motions to dismiss. Because Emershaw and Mushkat had already "plead or otherwise defend[ed]," the trial court properly dismissed Thrower's motion for default judgment despite his protestations. Accordingly, Thrower's fourth assigned error is without merit.
App.R. 16(A)(7) requires an appellant to present in his brief "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, * * *." Despite our efforts to decipher a cognizable argument from that which Thrower captions as his fifth and sixth assigned errors, we are unable to do so. As we are unable to offer our evaluation, we dismiss Thrower's fifth and sixth assigned errors.
In his seventh assigned error, Thrower argues the trial court erred in failing to serve Mandel after Mandel refused service via certified mail. The trial court dismissed Thrower's complaints after he failed to appear at the November 2, 2000 case management conference and the December 1, 2000 dismissal hearing. Even if service had been obtained over Mandel, Thrower's failure to appear would have resulted in proper dismissal. Accordingly, the issue of whether the trial court erred by not serving Mandel is moot. Thrower's seventh assigned error is dismissed as moot.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Civ.R. 3(A).
[2] The orders could have been final as to six of the seven defendants had the court used the "no just reason for delay" language.
[3] Civ.R. 55(A).